
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 08-40173 |
| Plaintiff, | \* | |
| vs. | \* | REPORT AND RECOMMENDATION |
| | \* | (Motion to Dismiss Counts 2 and 3 of the |
| THOMAS R. KELLEY, | \* | Superseding Indictment, Doc. 34) |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Defendant's Motion to Dismiss Counts 2 and 3 of the Superseding Indictment (Doc. 34). No hearing was held and the parties agree the matter may be decided on the basis of the written submissions. Based on a careful consideration of all of the evidence and counsel's written arguments, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Dismiss Counts 2 and 3 of the Superceding Indictment be **DENIED**.

## JURISDICTION

Defendant is charged in a Superseding Indictment with Filing a False Tax Claim in violation of 18 U.S.C. § 287, Impeding the Internal Revenue Service in violation of 26 U.S.C. § 7212(a), Tax Evasion in violation of 26 U.S.C. § 7201, Willful Failure to File a Tax Return in violation of 26 U.S.C. § 7203, and Fictitious Obligations in violation of 18 U.S.C. §§ 514 and 2. The pending Motion to Dismiss was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated November 29, 2006.

## FACTUAL BACKGROUND

The facts pertinent to this motion are not in dispute. On December 5, 2008, the grand jury returned an Indictment against Defendant which contained eighteen counts. On July 7, 2009, the

grand jury returned a Superceding Indictment which contained twenty-three counts. Subsequent to the filing of the instant motion, the grand jury returned a Second Superseding Indictment on October 6, 2009. It appears the Second Superseding Indictment corrected a date in Count 3, but is otherwise identical to the Superseding Indictment.

Count 2 of the Superseding Indictment alleges Defendant impeded the IRS in violation of 26 U.S.C. § 7212(a). Count 2 contains nine sub-paragraphs which each describe separate incidents of conduct the Government asserts supports its claims that Defendant violated 26 U.S.C. § 7212(a). The Defendant does not allege the facts as recited by the Government are inaccurate, but rather that they are inadequate to constitute impeding the IRS as that offense has been defined by the relevant authority. The Defendant asserts, therefore, that Count 2 of the Indictment is insufficient as a matter of law pursuant to Fed. R. Crim. P. 7(c).

Count 3 of the Superseding Indictment alleges tax evasion in violation of 26 U.S.C. § 7201 for taxes which were incurred during 2001 and became payable beginning on April 15, 2002 (corrected to August 15, 2002 by the Second Superseding Indictment). Count 3 contains four subparagraphs which each describe separate incidents of conduct the Government asserts supports its claim Defendant "did willfully attempt to evade and defeat the remaining said income tax due and owing by him . . . . .by the following affirmative acts of evasion." One of the subparagraphs in Count 3 incorporates all of the allegations contained in Count 2.

Defendant asserts Count 3 should be dismissed because it is barred by 26 U.S.C. § 6531 (the statute of limitations applicable to internal revenue violations). 26 U.S.C. § 6531 requires that persons charged with a violation of any of the various offenses arising under the internal revenue laws must be indicted within three years after the commission of the offense, except a six year period applies in several enumerated situations including, among other things, "for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof." The Defendant asserts the allegations contained in Count 3 are insufficient to state an affirmative act of evasion and as such, Count 3 is barred by the applicable statute of limitations. For these reasons, Defendant asserts Counts 2 and 3 of the Superseding Indictment should be dismissed.

2

# DISCUSSION

Fed. R. Crim. P. 7(c) requires an indictment to provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." An indictment is sufficient "if it contains all the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Cavins*, 543 F.3d 456, 458 (8th Cir. 2008) (citation omitted). An indictment is "generally deemed sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *United States v. Middleton*, 246 F.3d 825, 841 (6th Cir. 2001) (citation omitted, punctuation altered). "[A] defendant wishing to challenge an indictment valid on its face bears a heavy burden." *United States v. Lamoureux*, 711 F.2d 745, 747 (6th Cir. 1983). It is with these standards in mind that Defendant's challenges to the sufficiency of Counts 2 and 3 are considered.

### 1. Whether Count 2 Sufficiently Alleges Defendant "Corruptly" Endeavored to Intimidate or Impede the Due Administration of the Internal Revenue Laws

Count 2 of the Superseding Indictment charges Defendant with violating 26 U.S.C. § 7212(a) and alleges that between March 10, 2006 and August 8, 2007, Defendant did "corruptly endeavor to obstruct and impede the due administration of the internal revenue laws." Following that assertion there are nine sub-paragraphs which list specific examples of letters which were mailed by Defendant to government offices or employees' homes, disclaiming Defendant's tax liability and accusing the IRS or the specific IRS agents of fraud and extortion and threatening to sue them unless they signed affidavits purporting to limit the IRS's ability to collect taxes.

The Eighth Circuit has held the term "corruptly" as it is used in § 7212(a) means "to act with the intent to secure an unlawful advantage or benefit either for oneself or for another." *United States v. Yagow*, 953 F.2d 423, 426 (8th Cir. 1992). The language in Count 2 states the offense "using the words of the statute itself. ." *United States v. Gilkerson*, 556 F.3d 854, 856 (8th Cir. 2009); *United States v. Middleton*, 246 F.3d 825, 841 (6th Cir. 2001). Defendant asserts that because Count 2 does not specifically state what advantage or benefit he sought to gain by the actions specified in the sub-paragraphs, it is insufficient. The Court disagrees.

3

The Government has specified that it intends to prove Defendant "corruptly" rather than "by force or threats of force" endeavored to obstruct or impede the due administration of the law. "Corruptly refers to the mental state with which the action are performed, and the wording of § 7212(a) certainly does not preclude the government from proving that mental state with evidence of threats, even if the government has not specifically charged the defendant with making threats in the indictment. . . .[the defendant's] acts were corrupt: his statements, whether threats or not, were designed to convince [witnesses] not to testify and so to unlawfully secure a benefit for himself." *United States v. Valenti*, 121 F.3d 327, 332 (7th Cir. 1997).

The failure to specify exactly what advantage or benefit the Defendant sought to gain by the actions specified in Count 2 is not fatal to the Indictment. *See, e.g. United States v. Shorter*, 608 F.Supp. 871 (D.D.C. 1985) (failure to spell out relationship between specific acts of evasion and specific failures to pay taxes is not fatal to indictment; validity of indictment should be determined on practical, not technical grounds). Although Count 2 does not expressly so state, the clear import is that the letters detailed in subparagraphs 1-9 were written with the goal of persuading the IRS and/or its agents to forego collecting taxes from the Defendant–taxes which the Government claims were legitimately due. If the Government proves as much at trial, it will have met its burden of proving the letters were written "with the intent to secure an unlawful advantage or benefit either for oneself or for another." It is sufficient that the Indictment sets out the facts and circumstances of the offense coming under the general description with which he is charged. *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 1048, 8 L.Ed.2d 240 (1962). It is respectfully recommended to the District Court that Defendant's Motion to Dismiss be DENIED as to Count 2 of the Superseding Indictment.

2. **Whether Count 3 of the Superseding Indictment is Barred by the Applicable Statute of Limitations Because the Government Failed to Adequately Allege an "Affirmative Act" of Evasion**

The statute of limitations for tax evasion is six years. 26 U.S.C. § 6531. The Indictment in this case was returned in December, 2008. The Superseding Indictment was returned in 2009.Theoretically, then, offenses which occurred six years before 2008 should be barred from prosecution. Count 3 of the Superseding Indictment charges Defendant with tax evasion in violation of 26 U.S.C. § 7201 stemming from income taxes incurred in 2001, which became payable in 2002.

4

However, the statute of limitations does not *ipso facto* rule out prosecution with respect to taxes owing prior to [the subject year], for the offense of tax evasion is not necessarily committed only in the year when the tax was due and payable. That is so because the existence of a tax deficiency is but one of the two essential elements of the crime, the other being an affirmative act of willful evasion. An act constituting evasion which occurs during the limitations period brings the prosecution within the statute of limitations even if the taxes being evaded were due and payable prior thereto.

*United States v. Shorter*, 608 F.Supp. 871, 874 (D.D.C. 1985) ( citations omitted). "A conviction for willfully attempting to evade or defeat payment of a tax under 26 U.S.C. § 7201 requires proof of three elements: willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax." *United States v. Barker*, 556 F.3d 682, 687 (8th Cir. 2009) (citations omitted, internal punctuation altered). Count 3 of the Superseding Indictment charges Defendant with evading income taxes which were incurred during the calendar year 2001 and became payable beginning on April 15, 2002 (this date was amended to August 15, 2002 in the Second Superseding Indictment). Defendant asserts, however, that because the Government has failed to sufficiently allege any acts which were "affirmative acts" of evasion pursuant to 26 U.S.C. § 6531 within the six years of the time the Superseding Indictment was returned, Count 3 must fail nonetheless.

The acts the Government asserts constitute "affirmative acts " of tax evasion are contained in four sub-paragraphs, one of which incorporates the nine sub-paragraphs which are contained in Count 2. Those paragraphs allege that in 2001, defendant protested his employer's deduction of $27, 660 from Defendant's paychecks for income taxes and FICA taxes. The Government further alleges that in 2004, Defendant filed a Form 1041 for an alleged trust and that the information contained in the Form 1041 had "no basis in truth" and demanded a refund of $27,660 (the same protested amount withheld by Defendant's employer in 2001). The Government further alleges that in 2005, Defendant received and deposited the amount claimed pursuant to the Form 1041, plus interest. Finally, the Government alleges that in 2007, in response to a Notice of Tax Lien he received from the IRS corresponding to taxes due for 2001 and 2002, Defendant sent the IRS a letter described in Count 2, ¶ 9 and attached a copy of the Tax Lien which had been stamped "ACCEPTED FOR VALUE AND RETURNED FOR VALUE."

A person cannot be convicted of tax evasion based merely on an omission; "the person must

also undertake an affirmative act of evasion." *United States v. McKee*, 506 F.3d 225, 234 (3rd Cir. 2007). Defendant asserts that *Spies v. United States*, 317 U.S. 492, 499, 63 S.Ct. 364, 368 (1943) requires the Government to allege "clear, intentional egregious acts done with the purpose and intent to specifically evade the payment of taxes." *See* Defendant's Brief, Doc. 35 at p. 3. But *"Spies* and its progeny simply require that there be *some* evidence from which a jury could infer intent to mislead or conceal . . . it is for the jury to determine, as a matter of fact, whether the affirmative act was undertaken, in part, to conceal funds from or mislead the government." *McKee*, 506 F.3d at 234. (emphasis added). *See also, United States v. Maclean*, 227 Fed. Appx. 844, 854 (11th Cir. 2007 ) (formation of sham trust sufficient to fulfill "affirmative act" requirement of § 7201). The *Spies* Court cautioned that its illustrative list (keeping a double set of books, making false entries or alterations, false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, avoiding the creation of records) should not "constrict the scope of the congressional provision that [a willful attempt to defeat and evade] may be accomplished *in any manner."* *Spies*, 317 U.S. at 499, 63 S.Ct. at 368 (emphasis added).

That the Government failed to allege one of the specific examples cited by *Spies*, therefore, is not fatal to the Indictment pursuant to the instruction of *Spies* itself. *See also, United States v. Shorter*, 608 F.Supp. 871, 874 (D.D.C. 1985) (failure to spell out relationship between specific acts of evasion and failure to pay taxes not fatal to indictment, validity of indictment is to be determined on practical, not technical grounds). A practical reading of Count 3 leads to the conclusion that the Government has sufficiently alleged Defendant engaged in affirmative acts of evasion within the applicable statute of limitations. For example, Defendant attempted to revoke his status as a taxpayer by letter dated March 10, 2006 and April 18, 2006; he claimed he does not receive income by letter dated April 4, 2006; and claimed he is not a party liable to pay federal income tax by letter dated August 8, 2007. (Doc. 40, Count 2, ¶ 1, 2, 5 & 9, and Count 3 ¶ 3). That the Government alleged the formation of a trust by Defendant which had "no basis in fact" and that Defendant received a tax benefit from said trust is also sufficient to allege tax evasion. *United States v. Maclean*, 227 Fed. Appx. 844, 854 (11th Cir. 2007 ). It is therefore respectfully recommended to the District Court that Defendant's Motion to Dismiss be DENIED as to Count 3 of the Superseding Indictment.

## CONCLUSION

For the reasons more fully explained above, it is respectfully recommended to the District Court that Defendant's Motion to Dismiss Counts 2 and 3 of the Superseding Indictment (Doc. 34) be **DENIED**.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 23 day of October, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _____, Deputy

(SEAL)