

FILED
AUG 1 7 2010
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR08-40173 |
| Plaintiff, | |
| Vs. | **MEMORANDUM IN SUUPORT OF** |
| | **DECLARATION OF STATE OF ARREST** |
| THOMAS R. KELLEY, | **MOTION FOR JUDGMENT** |
| | **OF DISMISSAL JURY VERDICT** |
| Defendant. | **NOT WITH STANDING** |

### THE LAW OF CASE NUMBER CR08-40173

THIS PRESENTMENT is made **in law,** not just **at law.** THIS
PRESENTMENT is made, enforced, and executed with this in mind: *"The
Supreme Court has explained that "we begin with the understanding that
Congress" says in a statute what it means and means . . . what it says there,"
**Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6
(2000) [quoting Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992)]**.*

The Law of the Case, here, involves and reaches Title 26 and Title 18. In
the Superceding Indictment, the following specific laws were applied to the claims
made in the INDICTMENT: 18 U.S.C. 287; 26 U.S.C. 7212(a); 26 U.S.C. 7201;
26 U.S.C. 7203; 18 U.S.C. 514(a); and 18 U.S.C. 2. At Trial the prosecution failed
to fully prove the claims and the instructions of the law to the Jury failed to fully
disclose the Territorial Application of the applied Law of the Case.

### JURISDICTION TO LEGISLATE UNDER ARTICLE 1, SECTION 8

When Congress legislated the foregoing laws, (***Title 18 and 26***), it acted
under the powers given to it by Constitution of the United States in Article 1,

under the powers given to it by Constitution of the United States in Article 1, Section 8, and under one of the 18 clauses. Each law legislated, must clearly state a Territorial Application, since laws of Congress will apply differently, Territorially speaking, depending under which power the legislation is enacted and where the legislation is intended to be applied.

As for powers to tax and to legislate against crimes, Congress has powers under Clause 1 (*lay and collect taxes, Duties, Imposts and Excises*) and Clause 17 [*exclusive Legislation over such District (not exceeding ten Miles square)* and "*all Places*" *purchased by the Consent of the Legislature of the State in which the Same shall be*, where either exclusive or concurrent jurisdiction is ceded to the United States by that State (*in this case meaning "South Dakota"*)].

### JURISDICTION IN SOUTH DAKOTA: RESERVED OR CEDED

In South Dakota, there are two separate and distinct jurisdictions, such being the jurisdiction of the State within their own territorial boundaries and the other being federal jurisdiction where ceded by the Legislature to the United States. Concurrent jurisdiction may be agreed to by South Dakota and United States. In June 1957, the government of the United States published a work entitled *Jurisdiction Over Federal Areas Within the States, Part II*, which report is the definitive study on this issue. Stated therein is, "*The Federal Government cannot, by unilateral action on its part, acquire legislative jurisdiction over any area with the exterior boundaries of a State*", Page 46. A complete copy is available on line, at

www.constitution.org/juris/fjur/fj0-0000.htm.

In 1889, United States of America had reserved jurisdiction over the Indian Reservations in South Dakota, from onset of the State of South Dakota. Since that time the legislature of the State of South Dakota has specifically ceded jurisdiction

to areas identified in South Dakota Law, Title 1, Chapter 1, as follows: *Indian lands* (totally assumed), *Battle Mountain Sanitarium reserve in Fall River County, Fish Lake in 'Aurora County, Wind Cave National Park, the Badlands National Monument or park, Mount Rushmore National Memorial, Jewel Cave National Monument, Federal Prison Camp (**Yankton County**), federally acquired land (**as recorded in the County Recorder Offices**)*, for conservation purposes, maps of which are filed and recorded in the Office of the Secretary of State. By the Compact with the United States in the Constitution, further jurisdiction is ceded by South Dakota to the United States over military reservations: *Fort Meade, Fort Randall and Fort Sully, and assuming Ellsworth Air Base (**although no specific cessation in South Dakota law exists**)*, United States Post Offices (***if building is owned by the United States***).

### ALL FEDERAL LEGISLATION, TERRITORIALLY APPLIED BY DEFINITIONS

How could the Jury properly apply the law, Territorially, under which they claim to have acted? **ANSWER: By specific reference to Statutory Territorial Application of the Law which is claimed to have been violated, the Tax not paid and for which no return filing was made**. How is that done? **ANSWER: By the definitions, especially the terms "United States" and "State"**. The law declared in the Case, AND to the Jury, must have disclose the Territorial Application of each and every Law that was claimed to be violated. Specifically, the term "*United States*" and "*State*" must, of necessity, have been defined as to the location of the crimes claimed to have been committed, the Federal area in South Dakota where Congress could legislate penalties, which definitions were not done and disclosed. The general reference to "*in the district of South Dakota*" fails to disclose which specific area in South Dakota, in which there existed Federal Jurisdiction to legislate and enforce law, was the location of the crimes

claimed to be committed, the False Tax Refund, the Impeding, the Evasion, the Willful Failure to File, the Fictitious Obligations, all Territorially Applied by definition in Law.

### SPECIFIC APPLICATION OF TITLE 18

Chapter 1, Section 5, defines "*United States*" as follows:  *The term "United States", as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone.*

Section 2, 287 and 514(a) are not territorially applied differently in any other law. The Jury, of necessity, had to have proof where (*in which area listed above in page 3/4*) the ACTS claimed TO BE crimes were done.

Salem, South Dakota is not one of those areas where jurisdiction was ceded by South Dakota to the United States, specifically by legislation for the purpose of criminal prosecution. Using the mail, in itself cannot be a crime. All supposed and implied conclusions of fact or law, to make all the elements of a crime, must be proven and Territorially Applied by law.

### SPECIFIC APPLICATION OF TITLE 26

Being a tax matter and tax crimes being alleged, in violation of 26 U.S.C. 7212(a); 26 U.S.C. 7201; 26 U.S.C. 7203, it behoved the Instruction of Law to the Jury to include all Territorial Application relating thereto, especially the 7203 parts. No Law was given to the Jury that specifically applied that law as to its Territorial Application by an Act of Congress. Law requires that the Definitions in Section 7701 be the specific Territorial Application of all parts of 7203.

# FIRST ITEM: IMPOSITION OF THE TAX

There must be specific law that 1) **imposes the tax at issue in this case**, and

each separate legislation 2) **specifies a specific Territorial Application of that tax legislation**!!  Counts 1 through 7 appear to be related to Subtitle A—Income Taxes, sometimes referenced as the "1040" or "1040A" form of tax, although this must have been certified at the Trial by a fact witness, which was not done.

*Statutory Imposition in Title 26*:  Every specific tax imposition, in essence, uses the following words: ***"There is hereby imposed . . . . . "***  *(Subtitle A, B, C, D, E)*.  By necessity, any imposition of the Tax obligation, assumed to have been placed (whether "1040" or not), must have such a statutory imposition legislated by the Congress of the United States of America Assembled, similar as these:

## Subtitle A—Income Taxes

(**Section 1**) "There is hereby imposed on the **taxable income** of—married and surviving individual

(**Section 11**) "A tax is hereby imposed for each taxable year on the taxable income of every corporation."

(**Alternate Minimum Tax, Section 55**) "There is hereby imposed (in addition to any other tax imposed by this subtitle) a tax equal to the excess (if any) of—

(**Section 541**) "In addition to other taxes imposed by this chapter, there is hereby imposed for each taxable year on the undistributed personal holding company income (as defined in section 545) of every personal holding company (as defined in section 542) a personal holding company tax equal to 15 percent of the undistributed personal holding company income.

(**Section 801**) "A tax is hereby imposed for each taxable year on the life insurance company taxable income of every life insurance company. Such tax shall consist of a tax computed as provided in section 11 as though the life insurance company taxable income were the taxable income referred to in section 11.

(**Section 856**) '(C) **Tax.**— (i) **Tax imposed.**— If subparagraph (A) applies to a corporation, trust, or association for any taxable year, there is hereby imposed on such corporation, trust, or association a tax in an amount equal to the greater of— (I) $50,000,

(**Section 1401**) "In addition to other taxes, there shall be imposed for each taxable year, on the self-employment income of every individual, a tax equal to the following percent of the amount of the self-employment income for such taxable year:

In addition to SUBTITLE A, Congress legislated other taxes, enumerated below.  The purpose of referencing the other taxes is to show how other taxes are Territorially Applied, in comparison to the application of the taxes made and levied in SUBTITLE A.

## Subtitle B—Estate and Gift Taxes

(**Section 2001**) "A tax is hereby imposed on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States.

(**Section 2101**) "Except as provided in section 2107, a tax is hereby imposed on the transfer of the taxable estate (determined as provided in section 2106) of every decedent nonresident not a citizen of the United States.

(**Section 2501**) "A tax, computed as provided in section 2502, is hereby imposed for each calendar year on the transfer of property by gift during such calendar year by any individual resident or nonresident.

## Subtitle C—Employment Taxes

(**Section 3101**) "In addition to other taxes, there is hereby imposed on the income of every individual a tax equal to the following percentages of the wages (as defined in section 3121 (a)) received by him with respect to employment (as defined in section 3121 (b))—

(**Section 3111**) "In addition to other taxes, there is hereby imposed on every employer an excise tax, with respect to having individuals in his employ, equal to the following percentages of the wages (as defined in section 3121 (a)) paid by him with respect to employment (as defined in section 3121 (b))

(**Section 3201**) "In addition to other taxes, there is hereby imposed on the income of each employee a tax equal to the applicable percentage of the compensation received during any calendar year by such employee for services rendered by such employee. For purposes of the preceding sentence, the term "applicable percentage" means the percentage equal to the sum of the rates of tax in effect under subsections (a) and (b) of section 3101 for the calendar year.

(**Section 3211**) "In addition to other taxes, there is hereby imposed on the income of each employee representative a tax equal to the applicable percentage of the compensation received during any calendar year by such employee representative for services rendered by such employee representative. For purposes of the preceding sentence, the term "applicable percentage" means the percentage equal to the sum of the rates of tax in effect under subsections (a) and (b) of section **3101** and subsections (a) and (b) of section 3111 for the calendar year.

(**Section 3221**) "In addition to other taxes, there is hereby imposed on every employer an excise tax, with respect to having individuals in his employ, equal to the applicable percentage of compensation paid during any calendar year by such employer for services rendered to such employer. For purposes of the preceding sentence, the term "applicable percentage" means the percentage equal to the sum of the rates of tax in effect under subsections (a) and (b) of section **3111** for the calendar year.

(**Section 3301**) "There is hereby imposed on every employer (as defined in section 3306 (a)) for each calendar year an excise tax, with respect to having individuals in his employ, equal to—

(**Section 3321**) "There is hereby imposed on every rail employer for each calendar month an excise tax, with respect to having individuals in his employ, equal to 4 percent of the total rail wages paid by him during such month.

(**Section 3403**) "The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

# Subtitle D—Miscellaneous Excise Taxes

(**Section 4001**) "There is hereby imposed on the 1st retail sale of any passenger vehicle a tax equal to 10 percent of the price for which so sold to the extent such price exceeds the applicable amount

(**Section 4041**) "here is hereby imposed a tax on any liquid other than gasoline (as defined in section 4083)—

(**Section 4042**) "There is hereby imposed a tax on any liquid used during any calendar quarter by any person as a fuel in a vessel in commercial waterway transportation.

(**Section 4051**) "There is hereby imposed on the first retail sale of the following articles (including in each case parts or accessories sold on or in connection therewith or with the sale thereof) a tax of 12 percent of the amount for which the article is so sold:

(**Section 4064**) "here is hereby imposed on the sale by the manufacturer of each automobile a tax determined in accordance with the following table:

(**Section 4071**) "There is hereby imposed on taxable tires sold by the manufacturer, producer, or importer thereof a tax at the rate of 9.45 cents (4.725 cents in the case of a biasply tire or super single tire) for each 10 pounds so much of the maximum rated load capacity thereof as exceeds 3,500 pounds.

(**Section 4081**) "There is hereby imposed a tax at the rate specified in paragraph (2) on—

(**Section 4082**) "The tax imposed by section 4081 shall not apply to diesel fuel and kerosene—

(**Section 4121**) "There is hereby imposed on coal from mines located in the United States sold by the producer, a tax equal to the rate per ton determined under subsection (b).

(**Secton 4131**) "There is hereby imposed a tax on any taxable vaccine sold by the manufacturer, producer, or importer thereof.

(**Section 4161**) "here is hereby imposed on the sale of any article of sport fishing equipment by the manufacturer, producer, or importer a tax equal to 10 percent of the price for which so sold.

(**Secton 4181**) "There is hereby imposed upon the sale by the manufacturer, producer, or importer of the following articles a tax equivalent to the specified percent of the price for which so sold:

(**Section 4251**) "There is hereby imposed on amounts paid for communications services a tax equal to the applicable percentage of amounts so paid. "The tax imposed by this section shall be paid by the person paying for such services.

(**Section 4261**) "There is hereby imposed on the amount paid for taxable transportation of any person a tax equal to 7.5 percent of the amount so paid.

(**Section 4271**) "There is hereby imposed upon the amount paid within or without the United States for the taxable transportation (as defined in section 4272) of property a tax equal to 6.25 percent of the amount so paid for such transportation. The tax imposed by this subsection shall apply only to amounts paid to a person engaged in the business of transporting property by air for hire.

(**Section 4371**) "There is hereby imposed, on each policy of insurance, indemnity bond, annuity contract, or policy of reinsurance issued by any foreign insurer or re-insurer, a tax at the following rates

(**Section 4401**) "There shall be imposed on any wager authorized under the law of the State in which accepted an excise tax equal to 0.25 percent of the amount of such wager.

(**Section 4411**) "There shall be imposed a special tax of $500 per year to be paid by each person who is liable for the tax imposed under section 4401 or who is engaged in receiving wagers for or on behalf of any person so liable.

(**Section 4461**) "There is hereby imposed a tax on any port use

(**Section 4471**) "There is hereby imposed a tax of $3 per passenger on a covered voyage.

(**Section 4481**) "A tax is hereby imposed on the use of any highway motor vehicle which (together with the semitrailers and trailers customarily used in connection with highway motor vehicles of the same type as such highway motor vehicle) has a taxable gross weight of at least 55,000 pounds at the rate specified in the following table:

(**Section 4611**) "There is hereby imposed a tax at the rate specified in subsection (c) on— (1) crude oil . . . (2) petroleum products . . .

(**Section 4661**) "There is hereby imposed a tax on any taxable chemical sold by the manufacturer, producer, or importer thereof.

(**Section 4671**) "There is hereby imposed a tax on any taxable substance sold or used by the importer thereof.

(**Section 4681**) "There is hereby imposed a tax on—

(**Section 4941**) "There is hereby imposed a tax on each act of self-dealing between a disqualified person and a private foundation. The rate of tax shall be equal to 10 percent of the amount involved with respect to the act of self-dealing for each year (or part thereof) in the taxable period. The tax imposed by this paragraph shall be paid by any disqualified person (other than a foundation manager acting only as such) who participates in the act of self-dealing. In the case of a government official (as defined in section 4946 (c)), a tax shall be imposed by this paragraph only if such disqualified person participates in the act of self-dealing knowing that it is such an act.

# Subtitle E—Alcohol, Tobacco, and Certain Other Excise Taxes

(**Section 5001**) "here is hereby imposed on all distilled spirits produced in or imported into the United States a tax at the rate of $13.50 on each proof gallon and a proportionate tax at the like rate on all fractional parts of a proof gallon.

(**Section 5041**) "There is hereby imposed on all wines (including imitation, substandard, or artificial wine, and compounds sold as wine) having not in excess of 24 percent of alcohol by volume, in bond in, produced in, or imported into, the United States, taxes at the rates shown in subsection (b), such taxes to be determined as of the time of removal for consumption or sale. All wines containing more than 24 percent of alcohol by volume shall be classed as distilled spirits and taxed accordingly. Still wines shall include those wines containing not more than 0.392 gram of carbon dioxide per hundred milliliters of wine; except that the Secretary may by regulations prescribe such tolerances to this maximum limitation as may be reasonably necessary in good commercial practice

(**Section 5051**) "A tax is hereby imposed on all beer brewed or produced, and removed for consumption or sale, within the United States, or imported into the United States. Except as provided in paragraph (2), the rate of such tax shall be $18 for every barrel containing not more than 31 gallons and at a like rate for any other quantity or for fractional parts of a barrel.

(**Section 5061**) "he taxes on distilled spirits, wines, and beer shall be collected on the basis of a return. The Secretary shall, by regulation, prescribe the period or event for which such

return shall be filed, the time for filing such return, the information to be shown in such return, and the time for payment of such tax.

(**Section 5701**) "On cigars, manufactured in or imported into the United States, there shall be imposed the following taxes:

(**Section 5731**) "Every person engaged in business as— (1) a manufacturer of tobacco products,

(2) a manufacturer of cigarette papers and tubes, or (3) an export warehouse proprietor, shall pay a tax of $1,000 per year in respect of each premises at which such business is carried on.

(**Section 5801**) "On 1st engaging in business and thereafter on or before July 1 of each year, every importer, manufacturer, and dealer in firearms shall pay a special (occupational) tax for each place of business at the following rates:

(**Section 5811**) "There shall be levied, collected, and paid on firearms transferred a tax at the rate of $200 for each firearm transferred, except, the transfer tax on any firearm classified as any other weapon under section 5845 (e) shall be at the rate of $5 for each such firearm transferred.

(**Section 5821**) "There shall be levied, collected, and paid upon the making of a firearm a tax at the rate of $200 for each firearm made.

(**Section 6662**) "If this section applies to any portion of an underpayment of tax required to be shown on a return, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies.

**CAVEAT: This list is not a guarantee that all of the tax impositions by Congress in Title 26 are listed. The Intent is to show the wording of any tax legislation. In addition, each law (to be legal) must state the object of the tax (on what item, or service) and who is liable to file a return and pay the tax.**

# SECOND ITEM: TERRITORIAL APPLICATION

In all cases and types of taxation, there now must be evidence of Territorial Application, with so many different types and kinds of taxes. In other words, separate declarations of law must state where the tax is applied, who pays, who files a return, and why

## Statutory Territorial Application of the Tax Legislation: THE STANDARD METHOD OF ESTABLISHING TERRITORIAL APPLICATION OF ANY TAX LEGISLATION, IS BY:

## _§ 7701. Definitions

(a) When used in this title (**26**), where not otherwise distinctly expressed or manifestly

incompatible with the intent thereof—
(9) **United States**
The term "***United States***" when used in a geographical sense includes only the States and the District of Columbia.
(10) **State**
The term "***State***" shall be construed to include the District of Columbia, where such construction is necessary to carry out provisions of this title.

This definition is the general application of Territory to any legislation in Title 26 (***Title 18 is Territorially applied by Section 5***), with the provision that if there are definitions in sections that state differently, the different definition applies **only**, TO that section or Chapter.

This Definition in 7701(9) and (10) is Conclusive proof that Title 26 (***for the most part***) is a legislation of Congress under the specific powers to legislate in Article I, Section 8, Clause 17: ***To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;***

## IN TITLE 26, THERE ARE (at least) SIX OTHER SEPARATE SECTIONS THAT ESTABLISH TERRITORIAL APPLICATION FOR SPECIFIC TAX LEGISLATION:

1) (**Section 993**, Tax on income in the Possessions, (g) **United States defined**
***For purposes of this part***, the term "***United States***" includes the Commonwealth of Puerto Rico and the possessions of the United States.

> **NOTE:  THIS IS THE ONLY SECTION (tax on income in the Possessions of the United States) IN SUBTITLE A THAT HAS ANY TAX LAW APPLIED DIFFERENTLY THAN 7701 (9) AND (10)**

2) (**Chapter 21, Section 3121** –Federal Insurance Contribution Act) "***For purposes of this chapter***—

(1) **State**
The term "*State*" includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa.
(2) **United States**
The term "*United States*" when used in a geographical sense includes the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa.

**NOTE THE SIMILAR DEFINITION BETWEEN "State" and "United States".**

3) (**Chapter 23, Section 3306** –**Federal Unemployment Act**) "*For purposes of this chapter*—
(1) **State**
The term "*State*" includes the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands.
(2) **United States**
The term "*United States*" when used in a geographical sense includes the States, the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands.

> **NOTE THE ABSENCE OF REFERENCE TO THE 50 STATES and NOTE THAT THE DEFINITION of "State" and "United States" are the same, for all practical purposes.**

4) (**CHAPTER 24, Section 3401**, **Definitions on withholding from the source**) "
(a) **Wages**
For purposes of this chapter, the term "*wages*" means all remuneration (other than fees paid to a public official) for services performed by an employee for his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash; except that such term shall not include remuneration paid—
(c) **Employee**
For purposes of this chapter, the term "*employee*" includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term "employee" also includes an officer of a corporation.
(d) **Employer**
For purposes of this chapter, the term "*employer*" means the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person, except that—

> **SPECIAL NOTE: This is evidence of extensive collection of income taxes at the source that go beyond the authorized law. This is not one of the issues in this case.**

5) (**Tax on Petroleum, Section 4612**) (4) **United States**
(A) **In general**
The term "*United States*" means the 50 States, the District of Columbia, the Commonwealth of Puerto Rico, any possession of the United States, the Commonwealth of the Northern

Mariana Islands, and the Trust Territory of the Pacific Islands.
(B) **United States includes continental shelf areas**
The principles of section 638 shall apply for purposes of the term "***United States***".
(C) **United States includes foreign trade zones**
The term "***United States***" includes any foreign trade zone of the United States.

   **NOTE: Congress did not have to define the term "State".**

6) (**Tax on Chemicals, Section 6662**) (2) **United States**
The term "***United States***" has the meaning given such term by section 4612 (a)(4).
   ***NOTE***: Definition of "***United States***" relating to taxes on petroleum and

Chemicals show how this Territorial Application proves the reach of this tax.  If

Subtitle A was meant to reach into Salem, South Dakota, the definition in 7701

would have referred to "the 50 States", like this definition in 4612 and 6662.

   The failure to file, Count 5, required not only a Territorial Application, but a

description of which specific section and item said required return was related to,

as identified in one of the following:

7) (**Failure to file return, Section 6724**) (1) **Information return**
The term "information return" means—
(A) any statement of the amount of payments to another person required by—
(i) section 6041 (a) or (b) (relating to certain information at source),
(ii) section 6042 (a)(1) (relating to payments of dividends),
(iii) section 6044 (a)(1) (relating to payments of patronage dividends),
(iv) section 6049 (a) (relating to payments of interest),
(v) section 6050A (a) (relating to reporting requirements of certain fishing boat operators),
(vi) section 6050N (a) (relating to payments of royalties),
(vii) section 6051 (d) (relating to information returns with respect to income tax withheld),
(viii) section 6050R (relating to returns relating to certain purchases of fish), or
(ix) section 110 (d) (relating to qualified lessee construction allowances for short-term leases),
(B) any return required by—
(i) section 6041A (a) or (b) (relating to returns of direct sellers),
(ii) section 6043A (a) (relating to returns relating to taxable mergers and acquisitions),
(iii) section 6045 (a) or (d) (relating to returns of brokers),
(iv) section 6050H (a) or (h)(1) (relating to mortgage interest received in trade or business from individuals),
(v) section 6050I (a) or (g)(1) (relating to cash received in trade or business, etc.),
(vi) section 6050J (a) (relating to foreclosures and abandonments of security),
(vii) section 6050K (a) (relating to exchanges of certain partnership interests),
(viii) section 6050L (a) (relating to returns relating to certain dispositions of donated property),

(ix) section 6050P (relating to returns relating to the cancellation of indebtedness by certain financial entities),

(x) section 6050Q (relating to certain long-term care benefits),

(xi) section 6050S (relating to returns relating to payments for qualified tuition and related expenses),

(xii) section 6050T (relating to returns relating to credit for health insurance costs of eligible individuals),

(xiii) section 6052 (a) (relating to reporting payment of wages in the form of group-life insurance),

(xiv) section 6050V (relating to returns relating to applicable insurance contracts in which certain exempt organizations hold interests),

(xv) section 6053 (c)(1) (relating to reporting with respect to certain tips),

(xvi) subsection (b) or (e) of section 1060 (relating to reporting requirements of transferors and transferees in certain asset acquisitions),

(xvii) section 4101 (d) (relating to information reporting with respect to fuels taxes),

(xviii) subparagraph (C) of section 338 (h)(10) (relating to information required to be furnished to the Secretary in case of elective recognition of gain or loss),

(xix) section 264 (f)(5)(A)(iv) (relating to reporting with respect to certain life insurance and annuity contracts), or [1]

(xx) section 6050U (relating to charges or payments for qualified long-term care insurance contracts under combined arrangements), and [2]

(xxi) section 6039 (a) (relating to returns required with respect to certain options), or

(xxii) section 6050W (relating to returns to payments made in settlement of payment card transactions), and

(C) any statement of the amount of payments to another person required to be made to the Secretary under—

(i) section 408 (i) (relating to reports with respect to individual retirement accounts or annuities), or

(ii) section 6047 (d) (relating to reports by employers, plan administrators, etc.).
Such term also includes any form, statement, or schedule required to be filed with the Secretary with respect to any amount from which tax was required to be deducted and withheld under chapter 3 (or from which tax would be required to be so deducted and withheld but for an exemption under this title or any treaty obligation of the United States).

*NOTE*:  how many of the returns "***that are required***" to be filed relate to someone who is making payments to another.  There is no listing for one who pays income tax under SUBTITLE A, Section 1 or 11.  The failure to file claim has no basis in law, as applied against the accused, being no payer to another.

*NET EFFECT OF LEGISLATION AND THE LAW OF THIS CASE, ONCE LAW IS TERRITORIALLY APPLIED*:  SUBTITLE A LAW APPLIES TO AND IN THE DISTRICT OF COLUMBIA, WITH CERTAIN SECTIONS

APPLIED TO PUERTO RICO AND THE POSSESSIONS. OTHER SECTIONS IN 26 ARE APPLIED TO: PUERTO RICO, VIRGIN ISLANDS (OR QUAM AND AMERICA SOMOA). THE MOST EXTENSIVE AND INCLUSIVE TAX LEGISLATED BY CONGRESS, AS PART OF TITLE 26, IS THE TAX ON PETROLEUM AND CHEMICALS. THAT DEFINITION OF THE "*UNITED STATES*" IS THE STANDARD BEARER OF OUTER LIMITS OF TERRITORIAL APPLICATION OF LAW LEGISLATED BY CONGRESS. TO IGNORE OR TO DO OTHERWISE, IS FRAUD AND USURPATION OF POWERS, AND SUBJECTS PERPETRATORS TO A CLAIM ON THE BONDS OF THIS CASE AND ON THEIR PERSON. *THIS IS THE LAW THAT SHOULD HAVE BEEN GIVEN TO THE JURY! THE PROSECUTION IS FRAUDULENT, FALSE AND FEIGNED, FOR FAILING TO IDENTIFY THE SPECIFIC TAX CLAIMED TO BE OWED. FOR FAILING TO TERRITORIALLY APPLY THE LAW, WITH THE RESULTING CLAIM OF JURY VERDICT OF GUILTY. THE JURY WAS UNLAWFULLY MANIPULATED AND TAMPERED WITH!*

### RESTATEMENT OF CLAIM

The undersigned hereby redeclares **this Right to Claim**: 1) The Jury Verdict was entered under unlawful, false and feigned, means, that of no proper proof of claim of all the elements of the crime alleged, no lawful basis in Law as the claim relates to the Territorial Application of those laws, especially the Territorial Application of Section 7203 by use of the definitions in Section 7701. 2) Congress knows how to Territorially Apply Law. *They say what they mean and mean what they say*. No authority is given any Jury to assume the Law or its Territorial Application. 3) Doing those acts beyond the law, the Territorial Application, constitutes a clear act of Breach of lawful Statutory Law made by the Congress of the United States, and constitutes unlawful legislation. 4) The acts

create a total state of "void".  5)  As long as the act remains standing, as if valid or

lawful, there remains continuing damage and injury to the undersigned, for which

the right to claim is not waived.  6)  The United States Attorney had no delegated

authority to prosecute a SUBTITLE A tax matter, in conjunction with Section

7203, ***Exhibit A, with any authority to modify the Territorial Application of any***

***tax law***. See CCH (Commerce Clearing House) and Internal Revenue Manual,

Volume 1-6, to find Delegation Orders and where it was to be filed with the

Secretary of State.  See Each regional (IRS) office must maintain list of all

Delegation orders.  All enforcement of the tax law was given to the

"Commissioner of Internal Revenue", not the US Assistant Attorney, see link

http://www.ustreas.gov/regs/to150-10.htm.  There is no evidence that the Commissioner

of Internal Revenue authorized the Assistant US Attorney create any new law, new

interpretation, or any new Territorial Application.  See ***Exhibit B and C***.

The Court should take judicial notice of other relevant cases, as the follows:

**The essentials to any case or controversy, whether administrative or
judicial, arising under the Constitution and laws of the United States,
must be adhered to.  See Federal Maritime Commission v. South
Carolina Ports Authority, 535 U.S. (2002).**

**The LAW of the case must affirmatively appear in record, which in the
instance of a tax controversy necessarily includes taxing and liability
statutes with attending regulations (see United States of America v.
Menk, 260 F. Supp. 734 at 787 and United States of Amrica v.
Community TV. Inc., 327 F. 2d 79 (10th. 1964).**

**The advocate of a position must prove application of law to stipulated or
otherwise provable facts.**

**"The goal of judicial iimpartiality and the appearance of impartiality is
best achieved by careful scrutiny by honest and conscientious judges
applying ethical principles in a commonsense manner."  Statement by
Glordon J. Quist, a district judge in Grand Rapids, Michigan and
chairman of the federal judiciary's committee on codes of Conduct.**

" . . Jurisdiction of the Courts of the United States means a law providing in terms of revenue; that is to say, a law which is directly traceable to the power granted to Congress by Section 8, Article I, of the Constitution, "to lay and collect taxes, duties, imposts, and excises."  US v Hill, 123 US 681, 686 (1887)

"Jurisdiction is void on the face of the judgment roll when from four corners of that roll, it may be determined that at least one of three elements of jurisdiction was absent:  (1) jurisdiction over parties, (2) jurisdiction over subject matter, or (3) jurisdiction power to pronounce particular judgment that was rendered."  B & C Investments, Inc. v. F & M Nat. Bank & Trust, 983 P13d 339 (Okla. App. Div. 3, 1995)

"Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other.  The Fair V. Kehler Die Co., 228 U.S. 22, 25 (1913).

"Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed."  Lufkin v. McVicker, 510 S.S. 2D 141 (Tx. Civ. App. - Beaumont 1973).

"The question of Jurisdiction in the court either over the person, the subject matter or the place where the crime was committed can be raised at any stage of a criminal proceedings; it is never presumed but must be proved; and it is never waived by the defendant".  United States v Renner, 23 F. 658 (W.D.Ard. 1885).

"Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by Fraud, can be attached at any time, in any court, either directly or collaterally, provided that part is properly before the court." People ex rel. Brzica v. Village of Lake Burrington, 644 N.D.2[nd] 66 (Ill. App. 2 Dist. 1994).

On the foregoing premises the undersigned cannot consent to any sentence. The objections raised to sentencing, with sentence report, are also here incorporated by reference.

Dated this /6 day of August 2010.

*Thomas R. Kelley*

Thomas R. Kelley
C/o 24883 Highway 81
Salem, South Dakota 57058

# TREASURY ORDER 150-35

**Date:** July 10, 2000

**Sunset Review:** July 10, 2005

**SUBJECT:** Delegation - Referral of Criminal Matters from the Internal Revenue Service to the Department of Justice

1. <u>DELEGATIONS OF AUTHORITY</u>. By virtue of the authority vested in the Secretary of the Treasury, including the authority vested by 31 U.S.C. .' 321(b) and by the Internal Revenue Code of 1986, including Internal Revenue Code section 7803(a), it is hereby ordered as follows:

a. <u>Delegation to the Commissioner of Internal Revenue</u>. I hereby delegate to the Commissioner of Internal Revenue (Commissioner) the authority to refer all matters within the Commissioner's criminal investigative jurisdiction to the Department of Justice for grand jury investigation, criminal prosecution, or other criminal enforcement action requiring court order or Department of Justice approval.

b. <u>Delegation to the General Counsel</u>. I hereby delegate to the General Counsel the authority to refer to the Department of Justice criminal matters for judicial enforcement of summonses and the authority to determine which court decisions of a criminal tax matter should be appealed or further reviewed and to make recommendations to the Department of Justice with respect thereto.

c. In addition, <u>the General Counsel and the Commissioner</u> have concurrent authority to refer a matter to the Department of Justice in order to obtain advice prior to any referral to be made by the Commissioner pursuant to this paragraph.

2. <u>REDELEGATION</u>. The authorities granted herein may be redelegated in writing.

3. <u>RATIFICATION</u>. To the extent that any action heretofore taken consistent with this Order may require ratification, it is hereby approved and ratified.

4. <u>CANCELLATION</u>. This Order supersedes Treasury Order 150-23, "Delegation - Referral Authority in Organized Crime Drug Enforcement Task Force Cases", dated November 28, 1983, and Treasury Order 150-31, "Delegation - Limited Referral Authority for Advice in Undercover Operations and Approval of Consensual Monitoring Requests", dated December 19, 1997. Other Treasury Orders shall be read in a manner that is consistent with the delegation of authority described in paragraph 1.

5. <u>OFFICE OF PRIMARY INTEREST</u>. Commissioner of Internal Revenue.

/S/ Lawrence H. Summers , Secretary of the Treasury

# BY ORDER OF THE SECRETARY OF THE TREASURY

**TREASURY ORDER:** 150-10

**DATE:** April 22, 1982

**SUNSET REVIEW:** TBD

**SUBJECT:** Delegation--Responsibility for Internal Revenue Laws

By virtue of the authority vested in me as Secretary of the Treasury, including the authority in the Internal Revenue Code of 1954 and Reorganization Plan No. 26 of 1950, it is hereby ordered:

1. The Commissioner of Internal Revenue shall be responsible for the administration and enforcement of the Internal Revenue laws.

2. Commissioner Order No. 190 and General Counsel Order No. 4 state the powers delegated to the Chief Counsel for the Internal Revenue Service.

3. All outstanding orders and delegations of authority relating to the above are modified accordingly.

This Order supersedes Treasury Department Order No. 150-37 dated March 17, 1955.

Donald T. Regan

Secretary of the Treasury