FILED
JUL 29 2011

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 08-40173 |
|  | * | CR. 10-40100 |
| Plaintiff, | * |  |
|  | * | MEMORANDUM OPINION AND |
| - vs - | * | ORDER RE: MOTION |
|  | * | TO DISMISS FOR LACK OF SUBJECT |
|  |  | MATTER JURISDICTION |
| THOMAS R. KELLEY, | * |  |
|  | * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

During his sentencing hearing Defendant Thomas Kelley filed what has been marked as Defendant's Exhibit A. This Exhibit contains documents entitled "Notice of Abatement," "Defendant's Memorandum of Law in Support of Notice to Abate for Lack of Subject Matter Jurisdiction," and "Notice of Non-Acceptance of Any Sentencing Due to Failure of Due Process." Defendant is proceeding pro se. As such, his pleadings are to be afforded a liberal construction. *See Smith v. Hundley*, 190 F.3d 852, 855 n. 7 (8th Cir.1999). Based on Defendant's in-court statements and what the Court can glean from the documents themselves, the Court will consider Exhibit A to be a motion to dismiss for lack of subject matter jurisdiction.

Defendant maintains that his prosecutions failed to comply with the requirements of a number of the Federal Rules of Criminal Procedure, that this alleged failure to comply with the rules violated his due process rights and deprived this Court of subject matter jurisdiction. Defendant maintains he was entitled to a preliminary hearing and also maintains that he was entitled to be notified of the grand jury investigation against him. Defendant also appears to challenge the composition of the grand jury that indicted him in one or both of his prosecutions.[1] Defendant has

---

[1] The challenge to the grand jury selection procedure is untimely. 28 U.S.C.A. § 1867(a) provides:
> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, *whichever is earlier*, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

(Emphasis added).

misconstrued the Rules of Criminal Procedure.

In both CR. 08-40173 and CR. 10-40100, the grand jury had indicted Defendant before he was arrested and before he appeared before the magistrate on the charges. Defendant was not entitled to a preliminary hearing under these circumstance. *See* FED. R. CRIM. P. 5.1 (a)(2).

The authority cited by Defendant does not support his erroneous position that he is required to have been notified of a grand jury investigation concerning him. In addition, Defendant has failed to specify in what manner the grand jury was allegedly not properly drawn, summoned, selected, or qualified. The Court has carefully considered all of Defendant's contentions and finds them to be without merit. Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss the actions against him for lack of subject matter jurisdiction is denied.

Dated this 29 day of July, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY _____
Deputy